UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RAYMOND WEBB**<br>    LA. DOC #598101<br>VS. | **CIVIL ACTION NO. 3:14-cv-2208**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Raymond Webb, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 27, 2014. Petitioner attacks as excessive the 35 year hard labor sentence imposed on February 24, 2012 following his conviction for manslaughter in the Second Judicial District Court, Jackson Parish. He also claims that his trial attorney rendered ineffective assistance when he failed to timely move for reconsideration of sentence. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and because petitioner's claims are procedurally defaulted.

*Statement of the Case*

Petitioner was charged with second degree murder. On February 24, 2012, he entered into a plea bargain whereby he agreed to plead guilty to the lesser included offense of manslaughter

and receive an agreed upon sentence of 35 years at hard labor. [See Doc. 1-2, pp. 14-23[1]]

Petitioner did not appeal his conviction or sentence.[2] [Doc. 1, ¶6(a)]

Petitioner filed a *pro se* application for post-conviction relief in the District Court. The pleading was dated February 22, 2013, and it was received and filed by the Clerk of Court on March 7, 2013. Petitioner argued two claims for relief: (1) excessiveness of sentence and (2) ineffective assistance of counsel based on counsel's failure to move for reconsideration of sentence. [Doc. 1-2, pp. 1-13] Petitioner prefaced his argument as follows, "With all due respect

---

[1] The transcript of the plea colloquy reveals the following statement by the prosecutor: "... the State of Louisiana has presently charged Mr. Webb with the offense of second degree murder. He's present in Court. State has indicated previously that it would be willing in exchange for a plea in this matter to reduce the charge from second degree murder to manslaughter conditioned upon the defendant receiving a sentence of 35 years." Thereafter, petitioner's court-appointed attorney concurred that the plea agreement was as stated by the prosecutor. [Doc. 1-2, p. 15] Thereafter, the Court entered into the following colloquy with the petitioner:

Court: I understand an agreement as to sentence has been reached in this case. In other words, Mr. Avery's (petitioner's trial counsel) already told you what the sentence is going to be, is that correct?
Defendant: Yes sir.
Court: In accordance with that agreement do you understand [in] the event your guilty plea is accepted you'll be sentenced as follows, 35 years at hard labor, given credit for the time served since the date of your arrest in this matter. District Attorney has agreed to ... reduce the charge from second degree murder to manslaughter and I believe this is a sentence in which the District Attorney's Office has recommended to the Court?
Prosecutor: That is correct, Your Honor, we would state for the record that's our recommendation.
Court: And also an agreement that Mr. Avery has talked over with you, is that correct?
Defendant: Yes sir. [Doc. 1-2, pp. 20-21]

[2] The petitioner, of course, waived his right to appeal by pleading guilty. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the transcript petitioner was sentenced in accordance with a plea agreement which is set forth in the record.

to the Court, Petitioner would like for the Court to consider the fact that claiming the sentence to be excessive, he is not denying nor disputing the legality of his conviction; as a matter of fact, Petitioner accepts full responsibility for his actions and regrets the mistake that was made in the commission of this crime." [Doc. 1-2, pp. 10] On April 26, 2013, the Court denied relief. [Doc 1-2, p. 46] Petitioner then sought writs in the Second Circuit Court of Appeal. [Doc. 1-2, pp. 47-57] On September 5, 2013, the Second Circuit denied writs citing La. C.Cr.P. art. 881.2 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. *See State of Louisiana v. Raymond Webb*, No. 48,771-KH. [Doc. 1-2, p. 58][3] On September 26, 2013, petitioner filed an application for writs in the Louisiana Supreme Court. [Doc. 1-2, pp. 59-70] On May 2, 2104, the Supreme Court, citing La. C.Cr.P. art. 930.3, *Melinie*, *supra*, and *State v. Thomas*, 08-2912 (La. 10/16/09), 19 So.3d 466, denied writs.[4] *State of Louisiana ex rel. Raymond Webb v. State of Louisiana*, 2013-2333 (La. 5/2/2014), 138 So.3d 1242. [See also Doc. 1-2, p. 71]

Petitioner signed his petition for writ of *habeas corpus* on June 26, 2014; it was mailed that same date and received and filed on June 27th.

### *Law and Analysis*

#### *1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death

---

[3] As noted above, art. 881.2 prohibits the appeal of a sentence imposed in conformity with a plea agreement. *Melinie, supra*, prohibits post-conviction review of sentencing error.

[4] Article 930.3 lists the exclusive grounds for granting post-conviction relief and was cited in *Melinie, supra* in support of the notion that sentencing error is not a proper ground for post-conviction relief. In *Thomas, supra*, the Supreme Court held, "relator's claims that the court imposed an excessive sentence and that he received ineffective assistance of counsel at sentencing are not cognizable on collateral review pursuant to La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172."

Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following February 24, 2012 (the date

---

[5] Nothing in the record suggests that any State created impediments prevented the filing of the petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; and, nothing suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

that petitioner pled guilty and was sentenced in accordance with the plea agreement)[6] or, on or about March 27, 2012. Petitioner had one year from that date, or until March 27, 2013, to file his federal *habeas* petition. Petitioner was able to toll limitations by the timely filing of his application for post-conviction relief on February 22, 2013; however, by that time a period of 331 days of the 365 day limitations period had lapsed and, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467. Petitioner was then able to toll limitations until May 2, 2104, the date the Louisiana Supreme Court denied writs and his State post-conviction ceased to be pending. Thereafter, another 55 days elapsed untolled until June 26, 2014, the date he filed the instant petition.

Thus, it is clear that more than one year elapsed untolled between March 27, 2012, the date that his judgment of conviction and sentence became final under the AEDPA and June 26, 2014, the date petitioner filed the instant petition.

## *2. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable

---

[6] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### 3. Procedural Default

Nevertheless, even if the petition were timely or subject to equitable tolling, it would still be subject to dismissal as procedurally defaulted. The procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S.

722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Petitioner raises argues two claims for relief – excessiveness of sentence and ineffective assistance of counsel at sentencing. These are the same claims petitioner raised in his post-conviction litigation in the Louisiana Courts. While the District Court seems to have addressed the merits of his claims, both the Second Circuit Court of Appeals and the Louisiana Supreme Court refused to consider them and both expressly relied on well established state procedural rules in declining to reach the merits of the claim. The Louisiana Supreme Court specifically cited La. C.Cr.P. art. 930.3 as the basis for the default. That article provides the exclusive grounds for post-conviction relief in Louisiana and states:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
>
> (2) The court exceeded its jurisdiction;
>
> (3) The conviction or sentence subjected him to double jeopardy;
>
> (4) The limitations on the institution of prosecution had expired;
>
> (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
>
> (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.
>
> (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

La. C.Cr.P. art. 930.3.

The Second Circuit and the Supreme Court also cited *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172, and the Supreme Court in addition cited *State v. Thomas*, 08-2912 (La. 10/16/09), 19 So.3d 466 as the basis for their determination that petitioner's claim was procedurally defaulted. In *Melinie*, the Louisiana Supreme Court held, " ... art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction." *Melinie*, 665 So.2d 1172. Likewise, in *Thomas, supra*, cited by the Supreme Court, the Court held, as noted above, "...relator's claims that the court imposed an excessive sentence and that he received ineffective assistance of counsel at sentencing are not cognizable on collateral review..." *Thomas*, 19 So.3d 466.

Federal courts typically may not reach the merits of federal law questions if the State courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the merits of the claim.

Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified herein satisfies both requirements. Louisiana courts regularly invoke art. 930.3 as interpreted by *Melinie* and *Thomas*, to bar review of claims of sentencing error which are raised in post-conviction applications. *See State ex rel Brown v. State*,

870 So.2d 976 (La.2004); *State ex rel Brazley v. State*, 2006 WL 1097828 (La.3/24/06); *State v. Shepard*, 917 So.2d 1086 (La.2005); *State v. Hebreard*, 708 So.2d 1291, 1292–1293 (La.App. 4th Cir.1998); *State ex rel State v. Williams*, 2006 WL 1097841 (La.3/24/06); *State ex rel Pierce v. State*, 2006 WL 1049975 (La.3/17/06); *State ex rel Pollock v. State*, 924 So.2d 177 (La.2/10/06); *State ex rel State v. Cowart*, 924 So.2d 159 (La.2/10/06).

Moreover, the Fifth Circuit Court of Appeals, this Court, and the United States District Court for the Eastern District of Louisiana have all indicated that *Melinie* is an adequate and independent bar to federal *habeas* review of sentencing claims. *Hull v. Stalder*, 234 F.3d 706 (5th Cir.2000) (unpublished); *Rhymes v. Warden*, 2005 WL 2123691 (W.D.La.2005); *Tran v. Cain*, 2006 WL 1627812 (W.D.La.2006); *Williams v. Miller*, 2006 WL 2087867 (E.D.La.2006); *Green v. State*, 1998 WL 259970 (E.D.La.), *Scott v. Cain*, 1998 WL 273116 (E.D.La.); see also *Pedelahore v. Tanner*, 2012 WL 4970684 (E.D. La. 2012) and *Warfield v. Warden*, L.S.P., 2012 WL 3067604 (W.D. La. 2012) and the cases cited therein.

Clearly then, the *Melinie-Thomas* rule interpreting art. 930.3 so as to prohibit the Louisiana Courts from reaching the merits of sentencing claims raised in applications for post-conviction relief constitutes an "adequate" procedural rule to bar federal *habeas corpus* review of petitioner's claims of excessive sentence and ineffective assistance of counsel at sentencing. Moreover, because the last reasoned judgment on the claim (that of the Louisiana Supreme Court) specifically referred to art. 930.3 as interpreted by the *Melinie-Thomas* decisions when it declined review of the merits of petitioner's sentencing claim, it is clear that the identified procedural rule is also "independent."

Federal courts may look beyond the procedural default, but only if the *habeas corpus*

9

petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986). Petitioner has not alleged either cause for his default or prejudice resulting therefrom.[7]

Moreover, petitioner has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider his sentencing claims. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106,108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495,114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not made this showing; indeed, as shown above, in his application for post-conviction relief he admitted his guilt.

### *Conclusion and Recommendation*

Therefore,

---

[7] Indeed, the sentence is clearly within statutory limits and not Constitutionally excessive; and, counsel's failure to seek reconsideration of an agreed to sentence cannot under any circumstances imaginable be considered deficient performance.

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and because his claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 25, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**